UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE MCDONALD,

        Petitioner,

v.                                      CASE NO. 07-10915
                                      HON. BERNARD A. FRIEDMAN

WARDEN MCQUIGGAN, et. al.,

        Respondents.
_____/

### OPINION AND ORDER DENYING HABEAS CORPUS PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Ronnie McDonald has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition alleges that he is unlawfully incarcerated after the expiration of his maximum sentence. The Court finds no merit in Petitioner's claims, and the habeas petition is denied.

**I.    Background**

A Wayne County Circuit Court jury found Petitioner guilty of assault with intent to murder, manslaughter and felony firearm. Also, during Petitioner's incarceration for committing the above referenced offenses, he pled guilty to possession of contraband. The trial court sentenced Petitioner to eighteen to forty years in prison for the assault with intent to murder conviction and ten to fifteen years for the manslaughter offense, both to be served consecutively with a two year term of imprisonment for the felony firearm conviction. Petitioner was also sentenced to one to five years in prison for the possession of contraband conviction. In the pending petition, Petitioner alleges that his due process rights have been violated as a result of a denial of his good time and disciplinary credits. According to Petitioner, this alleged due

process violation has resulted in an improper forfeiture of 4,891 days, or thirteen years, four months and twenty-six days of his good time and disciplinary credits.[1]

On July 12, 2006, Petitioner filed a complaint for writ of habeas corpus in the Baraga County Circuit Court challenging Respondent's failure to award 1,962 days of good time and disciplinary credits. The Baraga County Circuit Court entered an order on November 6, 2006 denying the complaint for writ of habeas corpus. *McDonald v. MDOC, et. al.,* No. 06-5566-AH (Baraga County Circuit Court, Nov. 6. 2006).

Petitioner attempted to appeal the ruling from the circuit court to the Michigan Court of Appeals, but failed to pay the required filing fee. Therefore, the appeal pleadings were returned to Petitioner and the case was closed on February 1, 2007. *McDonald v. Department of Corrections*, No: 274732 (Mich. Ct. App. in Feb. 1, 2007). Petitioner did not appeal the state appellate ruling to the Michigan Supreme Court, nor did he file any subsequent motions with the state appellate courts in pursuit of relief. Petitioner then filed the pending petition.[2]

## II.     Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

---

[1] Petitioner has subsequently filed a "Supplemental Reply to Respondent's Response" and a "Motion to Amend," elevating the number of denied good time credit and disciplinary credit days to 5,141 and 7,314, respectively.

[2] Petitioner initially filed a hybrid action stating claims for habeas corpus relief under 28 U.S.C. §2254, and for civil rights violations under the Civil Rights Act of 1871 and 42 U.S.C. §1983. The Court entered an order severing Petitioner's civil rights claims and allowing the matter to proceed as a habeas petition only.

  Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005).

**III.** **Discussion**

The basis for Petitioner's habeas claim is two-fold. First, he argues that Respondents arbitrarily classified several of his minor acts of wrongdoing while incarcerated as "major misconduct" offenses. Being found guilty of committing a major misconduct offense warrants the following action relative to the accumulation of good time or disciplinary credit: (1) the forfeiture of credited days; (2) the failure or inability to earn credited days; and/or; (3) the failure or inability to earn *special* credits. MICH. COMP. LAWS §800.33(5), (6). Second, Petitioner claims that Respondents simply miscalculated the numbers. It is Petitioner's position that Respondents' failure to properly calculate the amount of good time and disciplinary credits has

3

resulted in an abuse of discretion and the erroneous forfeiture of over thirteen years of good time and disciplinary credits to which Petitioner is entitled.  Petitioner, therefore, claims that he should be immediately released from prison.  The Court disagrees for three reasons.

**A.     Exhaustion**

First, while incarcerated, Petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A petitioner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v.Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner failed to present his claims for habeas relief in the MichiganSupreme Court. Therefore, his claims are unexhausted and may be denied.

In addition, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); see also *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). For the reasons set forth below, the Court concludes that Petitioner's claims do not warrant habeas corpus relief. In the interests of efficiency and justice, the Court will address Petitioner's claims rather than dismiss the petition on the ground of failure to exhaust. See 28 U.S.C. §

2254(b)(2); *Cain*, 947 F.2d at 819 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

### 1. Federal Due Process Claim

Although Petitioner claims that his misconduct charges were minor, thus not warranting a denial of good time and disciplinary credits, his argument is belied by the record. A review of Petitioner's "Misconduct Summaries" and the affidavit of Sandra Grant, the Records Administrator for the Michigan Department of Corrections at the time, reveals that over the course of approximately twenty years, Petitioner committed over sixty misconduct offenses, several of which were classified as "major misconduct" offenses for conduct involving assaultive and threatening behavior, fighting and possession of dangerous contraband. Moreover, a review of the grievances filed by Petitioner relative to the calculation of his good time and disciplinary credits shows that his concerns about the alleged miscalculation of his credits were investigated. A thorough audit of Petitioner's time was completed by the the Records Supervisor and reviewed by the Central Records Office in Lansing. (Pet. Ex. 1-3). Petitioner received responses from the prison personnel fielding his grievances and from the Records Supervisor, confirming the accuracy of the good time and disciplinary credit calculations. *Id.*

Even if Petitioner's misconduct charges were actually "minor" rather than "major," Petitioner's due process claims fail to state a claim. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

> The starting point for any discussion of the procedural due process rights of a prisoner subject to disciplinary proceedings is *Wolff v. McDonnell*, 418 U.S. 539, (1974). In *Wolff* the Supreme Court held that where a state provides that good time credit can be forfeited only for serious misconduct, minimum requirements of procedural due process must be observed before deprivation of the credit. Specifically, prison authorities must (i) give advance written notice of the claimed violation, (ii) permit the inmate to call witnesses and present documentary evidence in his defense when to do so would not be unduly hazardous to institutional safety or correctional goals, and (iii) provide a written statement of the hearing officer as to the evidence relied upon and the reasons for the disciplinary action taken presented in individual cases.
>
> Michigan law allows the forfeiture of sentence credits for major misconduct. Such forfeiture may extend to "all or a portion of the disciplinary credits accumulated prior to the month in which the misconduct occurred." MCL 800.33(5). Under Michigan law, forfeitures of sentence credits must be proportional "to the seriousness of the offense and the institutional record of the offender." *Tessin v. Department of Corrections*, 197 Mich. App. 236, 243(1993).

*Moore v. Hofbauer*, 144 F. Supp.2d 877, 884 (E.D. Mich 2001). As previously stated, the record sets forth several minor and major misconduct offenses committed by Petitioner. Besides Petitioner's general claim that his good time and disciplinary credits have been miscalculated, he only offers self-serving statements in support of his argument, without any substantive or corroborated facts to sustain his position. Petitioner has failed to demonstrate that his due process rights were violated.

### 2.   State Statutory Violation

Petitioner claims that only wardens can order good time and disciplinary credit forfeitures, and therefore individuals other than the warden who forfeited Petitioner's good time and disciplinary credits did not comport with requirements under MICH. COMP. LAWS §800.33. Petitioner also claims that the time review sheets were defective and did not satisfy the specificity of state statutory law. "The interpretation of state statutes and legislative intent by state appellate courts is a matter of state law which is not reviewable in habeas corpus." *Hack v.*

*Elo*, 38 Fed. Appx. 189, 194 (6th Cir. 2002). Therefore, Petitioner's claim that the state has improperly interpreted MICH. COMP. LAWS §800.33 to allow defective time sheet submissions and individuals other than the warden to order good time and disciplinary credit forfeitures is not cognizable on habeas review.

### B. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus, or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently able to decide whether to issue a COA. See *Id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (quoting, *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

7

**IV.     Order**

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that and this matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend" [dkt. #18] is DENIED as MOOT.

                S/Bernard A. Friedman_____
                HONORABLE BERNARD A. FRIEDMAN
                UNITED STATES DISTRICT COURT

DATED: July 29, 2009

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager